IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PARADIGM LEARNING, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 07-873C (Judge Sweeney) |
| UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant, the United States, admits, denies, and avers as follows:

1. Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

2. Admits the allegations in paragraph 2; avers that the Defense Acquisition University ("DAU") is part of the United States Department of Defense, not the Department of the Army.

3. The allegations contained in paragraph 3 constitute conclusions of law and plaintiff's characterization of the case, to which no answer is required.

4. Admits.

5. The allegations contained in paragraph 5 constitute conclusions of law and plaintiff's characterization of the case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

6. Admits that plaintiffs submitted the document attached to the complaint as Exhibit 1 and it is dated August 11, 2006; admits the remaining allegations contained in paragraph 6 to the extent supported by Exhibit 1 to the complaint, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 6.

7. The allegations contained in paragraph 7 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to extent an answer is required, denies for lack of knowledge or information sufficient to form a belief as to their truth at this time.

8. The allegations contained in paragraph 8 constitute plaintiff's characterization of its case, to which no answer is required; to the extent an answer may be required, admits the allegations contained in paragraph 8 to the extent supported by Exhibit 2 to the complaint, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 8. Avers that Exhibit 2 to the complaint is a final decision of the contracting officer dated December 14, 2006.

9. The allegations contained in paragraph 9 constitute conclusions of law and plaintiff's characterization of the case, to which no answer is required.

10. Denies the allegations contained in paragraph 10 for lack of knowledge or information sufficient to form a belief as to their truth.

11. Denies the allegations contained in paragraph 11 for lack of knowledge or information sufficient to form a belief as to their truth.

12. Denies the allegations contained in paragraph 12 for lack of knowledge or information sufficient to form a belief as to their truth.

13. Denies the allegations contained in paragraph 13 for lack of knowledge or information sufficient to form a belief as to their truth.

14. Denies the allegations contained in paragraph 14 for lack of knowledge or information sufficient to form a belief as to their truth.

15. Denies the allegations contained in paragraph 15 for lack of knowledge or information sufficient to form a belief as to their truth.

16. Admits.

17. The allegations contained in paragraph 17 constitute plaintiff's characterization of its case to which no response is required; to the extent an answer is required, they are denied for lack of knowledge or information sufficient to form a belief as to their truth.

18. The allegations contained in paragraph 18 constitute plaintiff's characterization of its case to which no answer is required; to the extent an answer is required, they are denied for lack of knowledge or information sufficient to form a belief as to their truth.

19. The allegations contained in paragraph 19 constitute plaintiff's characterization of its case to which no answer is required; to the extent an answer is required, they are denied for lack of knowledge or information sufficient to form a belief as to their truth.

20. The allegations contained in paragraph 20 constitute plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

21. The allegations contained in paragraph 21 constitute conclusions of law and plaintiff's characterization of the case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

22. The allegations contained in paragraph 22 constitute conclusions of law and plaintiff's characterization of the case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

23. Denies the allegations contained in paragraph 23 for lack of knowledge or information sufficient to form a belief as to their truth.

24. Admits that in March 2002, DAU employee Debbie Johnson requested that Paradigm Learning, Inc. ("Paradigm") demonstrate its Zodiak product at Fort Belvoir, Virginia, in order to determine whether DAU should use Zodiak in the Contractor 100 ("CON 100") course; avers that CON 100 started out as a nine-day course, and eventually became a five-day course; denies the remaining allegations in paragraph 24.

25. Denies; avers that CON 100 is a course offered to Department of Defense personnel who are new to the Government and the contracting work force.

26. Admits the allegations in paragraph 26 to the extent that Paradigm personnel indicated that Paradigm would perform an interactive demonstration; denies the remaining allegations in paragraph 26.

27. Admits the allegations in paragraph 27 to the extent that in March 2002, Robb Gomez and Constance Bentley provided an interactive demonstration of the Zodiak product at Fort Belvoir; denies the allegation that Ms. Bentley is now the Chief Operating Officer for Paradigm, for lack of knowledge or information sufficient to form a belief as to its truth.

28. Admits the allegations in paragraph 28 to the extent that DAU personnel asked Robb Gomez to conduct a subsequent interactive Zodiak demonstration for additional DAU personnel to determine whether Zodiak was appropriate for the CON 100 course; denies the remaining allegations in paragraph 28 for lack of knowledge or information sufficient to form a belief as to their truth.

29. Admits.

30. Admits.

31. The allegations contained in paragraph 31 constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, admits that DAU made an initial purchase of the Zodiak product through DSD Laboratories, Inc.; otherwise denies the allegations in paragraph 31.

32. Admits that on or about May 1, 2002, DAU ordered Zodiak materials through DSD Laboratories, Inc; otherwise denies the allegations in paragraph 32 for lack of knowledge or information sufficient to form a belief as to their truth.

33. Admits the allegations contained in paragraph 33 to the extent supported by the order cited in paragraph 32, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 33.

34. The allegations contained in paragraph 34 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required.

35. The allegations contained in paragraph 35 that "a standard license agreement restrict[s] use and dissemination of the materials and the information contained in them," constitutes conclusions of law to which no answer is required. To the extent that an answer may be required, admits that prior to May 1, 2002, Paradigm requested that DAU sign a license agreement.

36. Admits that DAU declined to sign a license agreement; denies the remaining allegations contained in paragraph 36.

37. Admits that Paradigm forwarded a document entitled "Confidentiality and Non-Disclosure Agreement" to the DAU on April 5, 2002. Denies the remaining allegations in paragraph 37 for lack of knowledge or information sufficient to form a belief as to their truth.

38. Denies; avers that Debbie Johnson signed the document attached to complaint as Exhibit 3 on April 5, 2002.

39. The allegations contained in paragraph 39 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they are deemed allegations of fact, admits that the document attached as Exhibit 3 to the complaint is the best evidence of its contents; otherwise denies the allegations contained in paragraph 39, including any suggestion that Exhibit 3 is a binding agreement.

40. The allegations contained in paragraph 40 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they are deemed allegations of fact, admits that the document attached as Exhibit 3 to the complaint is the best evidence of its contents; otherwise denies the allegations contained in paragraph 40, including any suggestion that Exhibit 3 is a binding agreement.

41. The allegations contained in paragraph 41 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they are deemed allegations of fact, admits that the document attached as Exhibit 3 to the complaint is the best evidence of its contents; otherwise denies the allegations contained in paragraph 41, including any suggestion that Exhibit 3 is a binding agreement.

42. The allegations contained in paragraph 42 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they are deemed allegations of fact, admits that the document attached as Exhibit 3 to the complaint is the best evidence of its contents; otherwise denies the allegations contained in paragraph 42, including any suggestion that Exhibit 3 is a binding agreement.

43. The allegations contained in paragraph 43 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they are deemed allegations of fact, admits that the document attached as Exhibit 3 to the complaint is the best evidence of its contents; otherwise denies the allegations contained in paragraph 43, including any suggestion that Exhibit 3 is a binding agreement.

44. Denies.

45. Denies.

46. The allegations contained in paragraph 46 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they are deemed allegations of fact, admits that the document attached as Exhibit 3 to the complaint is the best evidence of its contents; otherwise denies the allegations contained in paragraph 46, including any suggestion that Exhibit 3 is a binding agreement.

47. Denies.

48. Admits.

49. Admits the allegations contained in paragraph 49 to the extent supported by Exhibit 4 to the complaint, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 49.

50. Admits.

51. The allegations contained in paragraph 51 are conclusions of law to which no response is required; to the extent they are deemed allegations of fact, admits that the document attached as Exhibit 4 to the complaint is the best evidence of its contents; otherwise denies the allegations contained in paragraph 51, including that the quoted words appear on page 49 of Exhibit 4, as alleged.

52. Admits the allegations contained in paragraph 52 to the extent supported by the May 1, 2002 to June 8, 2005 invoice documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 52.

53. Admits that DAU ceased placing orders for Zodiak at some time in 2005.

54. Admits the allegations contained in paragraph 54 to the extent supported by the Learner Guides cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 54.

55. Admits the allegations contained in paragraph 55 to the extent supported by the Facilitator Guides cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 55.

56. Admits the allegations contained in paragraph 56 to the extent supported by the materials cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 56.

57. Denies.

58. The allegations contained in paragraph 58 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; avers that Molly Parker began a business simulation game in 1999; otherwise, denies the remaining allegations in paragraph 58.

59. Admits.

60. Admits the allegations contained in paragraph 60 to the extent supported by the e-mail communication cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 60.

61. The allegations contained in the first sentence of paragraph 61 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they are deemed allegations of fact, they are denied. Admits the allegations in the second sentence of paragraph 61 to the extent that DAU's purchases of Zodiak Learner Guides declined in calender year 2005; otherwise denies the allegations contained in the second sentence of paragraph 61 for lack of knowledge or understanding of the term "annually" as alleged in paragraph 61.

62. Admits the allegations contained in paragraph 62 to the extent supported by the game board cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 62.

63. Admits.

64. The allegations contained in paragraph 64 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they are deemed allegations of fact, they are denied.

65. The allegations contained in paragraph 65 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required.

66. Denies.

67. Denies; admits the allegations in fn. 1 to the extent supported by Paradigm's complaint filed in Case No. 01:07cv56 in the United States District Court for the Eastern District of Virginia, which is the best evidence of its contents.

68. Denies.

69. Admits the allegations contained in paragraph 69 to the extent supported by the e-mail communication cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 69.

70. Admits the allegations contained in the first sentence of paragraph 70 to the extent supported by the e-mail communication cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 70. Denies the allegations contained in the second sentence of paragraph 70.

71. Admits the allegations contained in paragraph 71 to the extent supported by the e-mail communication cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 71.

72. Admits the allegations contained in paragraph 72 to the extent supported by the e-mail communication cited, which is the best evidence of its contents; avers that the Government is not aware of any prior communication to this effect by Ms. Johnson.

73. Denies.

74. Admits the allegations contained in paragraph 74 to the extent supported by the e-mail communication cited, which is the best evidence of its contents; otherwise denies the allegations in paragraph 74.

75. The allegations contained in paragraph 75 constitute plaintiff's characterization of its case to which no answer is required; to the extent an answer may be required, admits the allegations contained in paragraph 75 to the extent supported by the e-mail communication cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 75.

76. Denies.

77. Admits; avers that John Krieger is the Center Director for Contracting.

78. Denies that Mr. Gomez sent an e-mail to Mr. Krieger on October 12, 2005 as alleged in paragraph 78; avers that on October 12, 2005, Mr. Gomez sent an e-mail to Ms. Johnson. Admits to the contents of the October 12, 2005 e-mail as alleged in paragraph 78, to the extent supported by the e-mail communication cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 78.

79. Admits the allegations contained in paragraph 79 to the extent supported by the e-mail communication cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 79.

80. Admits the allegations contained in paragraph 80 to the extent supported by the e-mail communication cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 80.

81. Admits the allegations contained in paragraph 81 to the extent supported by the e-mail communication cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 81.

82. Admits the allegations contained in paragraph 82 to the extent supported by the e-mail communication cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 82.

83. Admits the allegations contained in paragraph 83 to the extent supported by the e-mail communication cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 83.

84. Admits that Paradigm proposed a visit to Fort Belvoir for a demonstration of the K Andy simulation; otherwise denies the allegations contained in paragraph 84 for lack of knowledge or information sufficient to form a belief as to their truth.

85. Admits that a meeting occurred on or about April 17, 2006; denies the remaining allegations in paragraph 85.

86. With respect to paragraph 86, defendant's responses to paragraphs 1 through 84 are incorporated by reference.

87. Denies.

88. Denies.

89. Denies.

90. Denies.

91. Denies.

92. With respect to paragraph 92, defendant's responses to paragraphs 1 through 90 are incorporated by reference.

93. The allegations contained in paragraph 93 constitute conclusions of law to which no answer is required; to the extent an answer is required, they are denied for lack of knowledge or information sufficient to form a belief as to their truth.

94. Denies.

95. Denies.

96. Denies.

97. Denies.

98. Denies.

99. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 98, or to any relief whatsoever.

100. Denies each and every allegation not previously admitted or otherwise qualified.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff cannot prove that the Confidentiality and Non-Disclosure Agreement was entered into by someone with authority to bind the Government.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff cannot prove the existence of an implied-in-fact contract with the Government to protect plaintiff's proprietary data.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Patricia M. McCarthy
PATRICIA M. McCARTHY
Assistant Director

s/ Joseph A. Pixley
JOSEPH PIXLEY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 514-7300
Facsimile: (202) 307-0972

Attorneys for Defendant

OF COUNSEL:

LISA M. SATTERFIELD
Captain, U.S. Army
Litigation Division
U.S. Army Legal Services Agency
Arlington, VA 22203
Telephone: (703) 696-1564
Fax. (703) 696-2532

March 24, 2008

**CERTIFICATE OF FILING**

I hereby certify that on the 24th day of March, 2008, a copy of the foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Joseph A. Pixley