IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PARADIGM LEARNING, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 07-873C |
| | ) | (Judge Sweeney) |
| UNITED STATES, | ) | |
| Defendant. | ) | |

JOINT PRELIMINARY STATUS REPORT

Pursuant to Rule 16 and Appendix A, paragraph III, 4, of the Rules of the United States Court of Federal Claims (RCFC), the parties file the following joint preliminary status report:

(a) Does the court have jurisdiction over the action?

Plaintiff Paradigm Learning, Inc., ("Paradigm") believes that the Court has jurisdiction to entertain this action. Defendant, the United States, knows of no reason to question the jurisdiction of the Court to entertain this action at this time.

(b) Should this case be consolidated with any other case?

This case should not be consolidated with any other case.

(c) Should trial of liability and damages be bifurcated?

The parties are not aware of any reason why liability and damages should be tried separately.

(d) Should further proceedings in this case be deferred pending consideration of another case before this court or any other tribunal?

Further proceedings in this action should not be delayed pending consideration of another case before this Court or any other tribunal.

(e) Will a remand or suspension be sought?

Neither party intends to request remand or suspension.

(f) Will additional parties be joined?

No additional parties should be joined.

(g) Does either party intend to file a motion pursuant to RCFC 12(b), 12(c) or 56?

After the parties have conducted some or all discovery, the parties may file dispositive motions. The parties request, therefore, that, on or before 30 days after the conclusion of discovery, they be allowed to file a status report regarding the appropriateness of filing any further dispositive motions.

(h) What are the relevant factual and legal issues?

The following are issues that at this time identify the dispute between the parties. Although the issues identified by each of the parties are similar, the differing views of the parties regarding some of the issues and facts have led the parties to suggest separate statements of relevant issues. As discovery progresses, new information may become evident, or new issues may become apparent, that will lead the parties to a unified set of issues, or that may cause the parties to need to supplement or amend this listing. The parties respectfully request that the Court allow the parties to so supplement or amend this list of issues as future circumstances dictate.

A. Paradigm identifies the relevant facts and laws as follows:

Paradigm professional personnel developed a unique learning tool ZODIAK®, the game of business finance and strategy ("ZODIAK"). The government did not participate in the development or funding of ZODIAK. On April 5, 2002, DAU executed a standard Paradigm confidentiality and non-disclosure agreement. DAU purchased ZODIAK materials and services

from Paradigm from May 1, 2002 to June 2, 2005. The Paradigm materials were subject to the confidentiality agreement and contained restrictive legends.

Beginning in 2003, DAU developed a clone of ZODIAK. To develop the clone, DAU misappropriated Paradigm's proprietary material. The clone is known as the KAndy Business Simulation ("KAndy"). KAndy was essentially a clone of ZODIAK, with a few cosmetic changes to disguise that fact.

DAU breached its obligation to protect the Paradigm's proprietary information by creating KAndy, a clone of ZODIAK, with Paradigm's proprietary data. Paradigm suffered damages in the form of lost profits and revenue.

In carrying out the cloning of ZODIAK, the DAU also violated its obligation to protect Paradigm's proprietary data contrary to the Paradigm proprietary rights restrictions. DAU could not have developed the clone simulation without exposure to ZODIAK's confidential training and access to proprietary ZODIAK materials. As a direct result of DAU's wrongful breach of its obligations to safeguard the confidentiality of Paradigm's proprietary data, Paradigm suffered damages in the form of lost profits and lost revenue. Paradigm has suffered damages in the amount of $336,126 plus interest. Paradigm seeks relief pursuant to Section 10 of the Contract Disputes Act of 1978, 41 U.S.C. § 609 and the Tucker Act, 29 U.S.C. § 1491.

B. Defendant views the relevant issues as being:

1. Whether Paradigm can prove that someone with authority to bind defendant entered into a confidentiality and non-disclosure agreement.

2. Whether Paradigm can prove the existence of an implied-in-fact contract with defendant to protect Paradigm’s proprietary data.

3. Whether Paradigm can prove that defendant misappropriated Paradigm's proprietary data in developing its KAndy Business Simulation, as Paradigm alleges.

(i) What is the likelihood of settlement? Is alternative dispute resolution contemplated?

The parties are open to the possibility of settlement, and the use of alternative dispute resolution (ADR), throughout the proceedings, but, at this time, the parties are not in a position to characterize the likelihood of settlement.

(j) Do the parties anticipate proceeding to trial?

If this case does not settle, or is not otherwise resolved upon dispositive motion, the parties will proceed to trial. The parties agree that an expedited trial pursuant to paragraph 4(j) of Appendix A is not warranted.

Joint Proposed Schedule

For their proposed discovery plan, the parties respectfully suggest the following schedule to the Court:

Initial disclosures: July 15, 2008

Expert Disclosures (if necessary), pursuant to RCFC 26 (a)(2)(C): March 6, 2009

End of non-expert discovery. All non-expert discovery requests shall be served so that, pursuant to the Rules of Court, the required responses shall be due no later than May 15, 2009.

Final date for filing dispositive motions: July 16, 2009

(k) Are there special issues regarding electronic case management needs?

The parties are not aware of any special issues regarding electronic case management needs.

(l) Is there any other information of which the Court should be aware at this time?

The parties are unaware of any other matters which should be brought to the Court's attention at this time.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Patricia M. McCarthy
PATRICIA M. McCARTHY
Assistant Director

s/ Richard C. Johnson
RICHARD C. JOHNSON
Smith Pachter McWhorter PLC
8000 Towers Crescent Drive, Suite 900
Vienna, Virginia 22182
tel: (703) 847-6300
fax: (703)847-6312

Attorney for Plaintiff

s/ Joseph A. Pixley
JOSEPH A. PIXLEY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 307-0843
Fax: (202) 307-0972

Attorneys for Defendant

May 15, 2008

**CERTIFICATE OF FILING**

I hereby certify that on the 15th day of May, 2008, a copy of the foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Joseph A. Pixley